D. A. POE, Appellant, v. MARY E. EKERT.

**Equitable Lien:** IMPROVEMENT OF WIFE'S PROPERTY. Where a husband agrees with his wife to erect improvements on her land, and to pay for the same, one selling lumber to the husband on his credit, and without intent to charge the wife thereby, cannot enforce an equitable lien against the land.

*Appeal from Page District Court.*—HON. N. W. MACY, Judge.

SATURDAY, MAY 22, 1897.

ACTION in equity to establish a lien upon certain lots for a balance due to plaintiff on account for lumber furnished and used in the erection of a dwelling house on said lots. Decree was rendered dismissing plaintiff's petition, "upon the ground that the plaintiff fails to show that the lumber and material were not sold to defendant's husband, relying alone upon

his credit." From this decree the plaintiff appeals.—
*Affirmed.*

*W. P. Ferguson* for appellant.

*T. E. Clark* for appellee.

GIVEN, J.—I. About three years prior to 1892, M.
B. Ekert, husband of the defendant, purchased and paid
for out of his own money six lots in the town of
Essex, and caused the title thereto to be made to his
wife, who continues to hold the same. In 1892, Mr.
Ekert proceeded to erect a dwelling house on said
lots to be used as a residence for himself and family,
procuring the lumber for that purpose from the plain-
tiff, and for which there is a balance of two hundred
and ninety-four dollars and forty-seven cents due to
the plaintiff. In support of his claim for an equitable
lien appellant relies upon *Miller v. Hollingsworth,* 36
Iowa, 163, and cases following the ruling therein.
In that case the court says: "Giving to the aver-
ments of the petition, and especially the averment
that the lumber was furnished and used in the
improvement of the defendant's real property 'with
the full knowledge and acquiescence of the defend-
ant,' a liberal construction, we hold that the demurrer
should have been overruled. Full knowledge and
acquiescence, under such an interpretation, would
imply that the defendant knew the lumber was pur-
chased by the husband without being paid for by him;
that, while it was so unpaid for, it was being used in
the improvement of her real estate to the enhance-
ment of its value; and that she acquiesced in such use
with such full knowledge of those facts. It should
also appear that it was not, in fact, sold to the hus-
band in reliance upon his credit alone." It is further
said: "Of course, her want of acquiescence might be
manifested by fewer facts or slighter circumstances

than would be required from an adult male owner." No doubt the defendant knew that this lumber was being furnished and used in the construction of the building on her lots, and acquiesced therein, but she did not know nor acquiesce in its being made a charge against her or her property. The understanding between her and her husband was that he would pay all the expenses incurred in erecting the building. It does not appear that the lumber "was not, in fact, sold to the husband in reliance upon his credit alone," but, on the contrary, we think it fairly appears that the credit was to him alone. The plaintiff testifies: "The contract was with Mr. M. B. Ekert. Had no talk with Mrs. Ekert when debt was contracted. * * * I don't know that he bought it with his wife's knowledge. * * * My agreement was made with Mr. Ekert. I never had any conversation with her about it. My entire contract and deal was with him. * * * He had been doing business that way as long as he traded with me. Had been doing all the business himself. He bought lumber before. I don't know who he bought it for. He bought it to improve her property. I don't know that he bought it in her name or her credit or with her knowledge. I did not ask him." Mr. Ekert testified that Mr. Poe was to furnish the material; that he was to pay one hundred dollars when the house was finished, and to pay the balance out of his pension as fast as he could; that there was nothing said about a lien on the property; and that the agreement was, that appellant was to look to Mr. Ekert alone for pay. Appellant testified: "No; I don't think he told me that he wanted me to pay it out of his pension. I would almost be willing to swear that he did not tell me that he would pay for it out of his pension." We will not discuss the evidence further. It is sufficient to say, that it fully

sustains the claim of the defendant, that the lumber was sold to her husband on his credit alone.— AFFIRMED.